IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ELISABETH SWAN AND TRACY O'ROURKE,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>KARLO TANJUAKIO, SION LEE, ET AL.,<br><br>　　　　　Defendants. | CIV. NO. 21-00052 JMS-KJM<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT |

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiffs Elisabeth Swan and Tracy O'Rourke (collectively, "Plaintiffs") have filed a Motion for Partial Summary Judgment ("Motion") against Defendant Karlo Tanjuakio. ECF No. 60. Having reviewed the evidentiary record, and considered all briefing and the oral argument from the October 12, 2021 hearing, the court GRANTS Plaintiffs' Motion in part and DENIES it in part.

Plaintiffs have a heavy task in moving affirmatively for summary judgment under Federal Rule of Civil Procedure 56 on claims for which they have the burden of proof. *See, e.g.*, *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) ("When the party moving for summary

judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'") (quoting *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992)).  A plaintiff "must establish beyond peradventure *all* of the essential elements of the claim . . . to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).  A genuine dispute of material fact as to any element, taking any inferences in favor of the Defendants, precludes entry of summary judgment. *See, e.g.*, *Friedman v. Live Nation Merch., Inc.*, 833 F.3d 1180, 1184 (9th Cir. 2016).

        Applying those standards, the court GRANTS the Motion in part; Plaintiffs have established the following facts:

        (1)  The March 25, 2016 GoLeanSixSigma.com Partner Agreement ("Partner Agreement") is a valid and enforceable contract, establishing a partnership with Swan, O'Rourke, Tanjuakio, and Sion Lee as partners, ECF No. 30-1 at PageID # 541; and

        (2)  Under the Partner Agreement, Swan, O'Rourke, Tanjuakio and Lee each owned 25% of "GoLeanSixSigman.com and all products offered on the website," *id.*

It follows as matters of Hawaii law from those two facts that (1) the partners owe fiduciary duties to each other and to the GoLeanSixSigma partnership, *see, e.g.*, Haw. Rev. Stat. § 425-123; and (2) Plaintiffs are entitled to access the books and records of the GoLeanSixSigma partnership, *see, e.g.*, Haw. Rev. Stat. § 425-122.

In all other respects, the Motion is DENIED. Specifically, the court denies Plaintiffs' request to (1) establish the parties' respective share of profits; and (2) find that Tanjuakio breached contractual or fiduciary duties. Although the record was certainly sufficient for purposes of Plaintiffs' motion for temporary restraining order to establish that Plaintiffs are likely to succeed on their claim that Tanjuakio breached contractual or fiduciary duties, *see* ECF No. 25, the record is insufficient for the court to grant *summary judgment* on that point.

In short, Plaintiffs' Motion for Partial Summary Judgment, ECF No. 60, is GRANTED in part and DENIED in part.

IT IS SO ORDERED.
DATED: Honolulu, Hawaii, October 20, 2021.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Swan v. Tanjuakio*, Civ. No. 21-00052 JMS-KJM, Order Granting in Part and Denying in Part Plaintiffs' Motion for Partial Summary Judgment